IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON DIVISION

| | |
|---|---|
| LISA Y. HENDERSON, REGIONAL DIRECTOR OF THE TENTH REGION, ELEVENTH SUBREGION OF THE NATIONAL LABOR RELATIONS BOARD, FOR AND ON BEHALF OF THE NATIONAL LABOR RELATIONS BOARD,<br><br>Petitioner,<br><br>v.<br><br>STARBUCKS CORPORATION,<br><br>Respondent. | Civil Action No. 8:23-cv-06198-JDA<br><br><br>**RESPONDENT'S EMERGENCY MOTION TO STAY DISCOVERY** |

Respondent Starbucks Corporation ("Respondent" or "Starbucks") hereby respectfully moves the Court for an order[1] staying discovery, the current cut-off date for which is April 1, 2024, pending the outcome of settlement negotiations the Charging Party in the underlying unfair labor practice case, Workers United ("Union"), has this day initiated with Starbucks and, if those negotiations do not result in a resolution of this case, the Court's issuance of its decisions on the two motions currently pending before the Court: (1) Petitioner's Motion to Quash Respondent's Subpoenas Duces Tecum and Ad Testificandum (ECF 57); and (2) Respondent's Motion to Amend Discovery Plan (ECF 51).[2]

---

[1] Pursuant to Local Civ. Rule 7.04 (D.S.C.), a full explanation of the grounds for this Motion are set forth herein, and therefore an accompanying supporting memorandum is not required as it would serve no useful purpose.

[2] Pursuant to Local Rule 7.02, counsel for Respondent has consulted with Petitioner's counsel prior to filing this Motion, and Petitioner does not consent to the relief requested herein.

As grounds for this Motion, Respondent submits that it is receptive to entertaining the Union's request to attempt to negotiate a settlement in this case, as well as the underlying unfair labor practice case, and anticipates those negotiations, regardless of their outcome, not to take more a week to 10 days. Respondent asks that the Court stay discovery in this case pending the outcome of those negotiations in the interest of judicial economy and the avoidance of unnecessary expense if those negotiations are successful.

For similar reasons, Respondent asks that the Court stay discovery pending the Court's issuance of its decisions on the pending discovery-related motions. Respondent tendered its written discovery requests to Petitioner and issued its document/deposition subpoenas to 14 employees with response dates for the written discovery and document productions, and dates for the depositions that provided more than enough time for discovery to completed by April 1. Petitioner timely provided her responses to Respondent's interrogatories and requests for production of documents; however, she objected to a number of the requests and, as particularly germane here, some on the grounds that the requests were barred by provisions of the discovery plan Respondent seeks to clarify in its Motion to Amend Discovery Plan.

In response to its document subpoenas, the subpoenaed non-parties, by counsel, objected to all of the requests and Respondent received only one document from one of the subpoenaed non-parties. Suffice it to say that the subpoenaed non-parties have signaled their intention not to produce any documents unless and until ordered by the Court, either in its decision on Petitioner's Motion to Quash or an impending motion to compel by Respondent. Without the documents it has requested, particularly those going to just and proper matters, and without a ruling on its Motion to Amend the Discovery Order, in which Respondent seeks to clarify subjects on which it may examine the deponents, Respondent would not be able to effectively examine the subpoenaed non-

parties at this point. And depending upon the Court's resolution of the pending motions, Respondent would be in the position after the Court decides the motions of having to reopen the depositions. In short, all signs point to its being impossible to complete whatever discovery the Court orders in deciding the pending motions, even if the Court were to rule on the motions prior to April 1.

For these reasons, Respondent requests that the Court stay discovery until Starbucks and the Union conclude their settlement discussions and, if those discussions are unsuccessful, until the Court issues its decisions on the pending motions and, depending upon the resolution of the motions, that the Court reopen discovery for a period 14 days from the date of Petitioner's and/or the subpoenaed non-parties' compliance with whatever discovery the Court orders.

Dated:   March 20, 2024

Respectfully submitted,

STARBUCKS CORPORATION

/s/ *William H. Foster*
William H. Foster, Bar No. 6221
Benjamin T. Hepner, Bar No. 13250
LITTLER MENDELSON, P.C.
110 E. Court Street, Suite 201
Greenville, SC 29601
(864) 775-3190
bfoster@littler.com
bhepner@littler.com

Kevin M. Kraham (pro hac vice)
Laura V. Spector (pro hac vice)
LITTLER MENDELSON, P.C.
815 Connecticut Avenue NW, Suite 400
Washington, DC 20006
(202) 423-2404
kkraham@littler.com
lvspector@littler.com

David A. Kadela (pro hac vice)
LITTLER MENDELSON, P.C.
41 South High Street, Suite 3250
Columbus, OH 43215
(614) 463-4211
dkadela@littler.com

*Attorneys for Respondent Starbucks Corporation*